# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN FORD-ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0108-HE |
| | ) | |
| HOWARD H. HENDRICK, Director, | ) | |
| Oklahoma Department of Human | ) | |
| Services, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Plaintiff Carolyn Ford-Andrews sued Howard H. Hendrick, Director of the Oklahoma Department of Human Services ("DHS"), and Shawn Davis, a DHS employee, seeking to recover for defendants' asserted "fraudulent practice of taking money from her for a debt that is not owed." Complaint, p. 1. Plaintiff requests both monetary and injunctive relief. Defendants have moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

When considering whether plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to plaintiff, the nonmoving party. Fournerat v. Wisconsin Law Review, 2011 WL 1366900, at * 2 (10th Cir. 2011) (unpublished); Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007). While the court liberally construes plaintiff's pro se pleadings, the complaint still must provide sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The question is whether the complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570. Considering the plaintiff's claims under this standard, the court concludes defendants' motion should be granted.

Plaintiff alleges the Oklahoma Department of Human Services, through one of its Child Support Services offices, has been improperly deducting $50.00 monthly from her disability payments for a child support debt. She asserts her mother requested financial assistance from the State more than twenty-five years ago when she was the guardian of plaintiff's three minor (now adult) children. Plaintiff claims the State has failed to seek reimbursement from the children's father or fathers and that defendants' continued taking of her money constitutes an abuse of legal process.

Defendants assert the complaint neither specifies a basis for federal jurisdiction nor alleges facts sufficient to invoke subject matter jurisdiction. At most, they contend, she has asserted claims under state law. Defendants also argue that, to the extent plaintiff is seeking to recover money damages from defendants in their official capacities, her claims are barred by the Eleventh Amendment. Finally, defendants contend the complaint fails to include sufficient factual allegations against them, personally, to state a claim upon which relief can granted.

Plaintiff responds that the court has subject matter jurisdiction pursuant to 28 U.S.C. § § 1331 and 1343(a)(3), as she is bringing the action under 42 U.S.C. § 1983[1] for a violation

---

[1]*Plaintiff also asserts in her response brief that the action is brought pursuant to 51 Okla. Stat. § 151 et seq., the Governmental Tort Claims Act ("GTCA"). That Act does not provide a basis for federal jurisdiction. Also, as defendants note, the GTCA provides that:*
> *Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established.*

of her constitutional rights. She asserts defendants have deprived her of rights guaranteed by the Universal Declaration of Human Rights and her right to due process.

Plaintiff has not alleged any facts supporting a due process claim. To the extent her claim can be construed as a denial of equal protection, it fails. Plaintiff's allegations are insufficient to state a claim of discrimination against a "class of one." *See* Jennings v. Stillwater, 383 F.3d 1199 (10th Cir. 2004). In addition to these pleading deficiencies, plaintiff's claims, to the extent she seeks money damages based on "being defrauded by the State of Oklahoma," complaint, p. 2, are barred by the Eleventh Amendment.

The complaint, as pleaded (and not supplemented by the statements in plaintiff's response brief) fails to allege a basis for federal jurisdiction. Accordingly, defendants' motion to dismiss [Doc. #7] is **GRANTED**. However, while the court doubts plaintiff can, through amendment, correct the pleading deficiencies, it cannot conclude at this point that amendment would be futile. Plaintiff is **GRANTED** leave to file an amended complaint within **ten (10) days**. If an amended complaint is not filed, the action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

> *In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant* ....

51 Okla. Stat. § 163(C) (emphasis added).